UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:                                                                           Case No.: 23-11357-PGH

Case Marine Construction International, LLC,         Chapter 7

       Debtor.
_____/

# TRUSTEE'S EMERGENCY MOTION
# TO ABANDON EQUIPMENT

*Emergency Relief Requested*

**The Trustee respectfully requests that the Court set this matter for hearing at its earliest availability to permit the Trustee to minimize the administrative expense and potential liability associated with the assets to be abandoned.**

Ross R. Hartog, as chapter 7 trustee (the "Trustee") for Case Marine Construction International, LLC. (the "Debtor"), moves (the "Motion") on an emergency basis for entry of an order abandoning Equipment (defined below) pursuant to 11 U.S.C. § 554(a), Bankruptcy Rule 6007, and Local Rule 9075-1.  In support of the Motion, the Trustee states as follows:

    1.    The Debtor filed the instant case on February 21, 2023.

    2.    The Debtor was in the business of constructing and/or repairing sea walls.

    3.    Upon information and belief, the Debtor owns various items of personal property used in connection with the operation of its business.

    4.    The Debtor has not yet filed schedules, but did advise the Trustee where its personal property is located.

    5.     Based on an inspection of same, the Trustee identified the following personal property (the "Property") at the following locations:

      a.      Waterview Condominium
              20505 East Country Club Drive, Aventura, Florida

            i.      Two (2) Shugart Barges (10 ft x 48 ft) and one (1) homemade barge (8 ft x 30 ft)[1];
            ii.     FMC Linkbelt Crawler Friction Crane and Boom;
            iii.    Kubota KX121 Mini-Excavator (on tracks);
            iv.    Miller Welding Machine; and
            v.     Small boat trailer.

      b.      Venetian Isle Condominium
              801 North Venetian Drive, Miami, Florida

            i.      Doosan Portable Air-Compressor;
            ii.     John Deere 50D Mini-Excavator;
            iii.    Closing single-axle storage trailer; and
            iv.    Bri-Mar tandem-axle trash trailer.

      c.      6899 NE 4th Avenue

            i.      2000 Ford F-250 Super Duty truck

      d.      14501 SW 21st Street, Davie, Florida

            i.      2004 GMC;
            ii.     2005 Chevrolet Silverado; and
            iii.    2006 Ford F-350.

6.      The Property can be divided into two (2) categories - titled assets such as vehicles and trailers ("Vehicles") and untitled equipment such as the barges, crane, and excavators ("Equipment"). For purposes of the Motion:

      a.      "Equipment" includes:

            i.      Two (2) Shugart Barges (10 ft x 48 ft) and one (1) homemade barge (8 ft x 30 ft);
            ii.     FMC Linkbelt Crawler Friction Crane and Boom;
            iii.    Kubota KX121 Mini-Excavator (on tracks);
            iv.    Doosan Portable Air-Compressor;
            v.     John Deere 50D Mini-Excavator; and

---

[1] The Trustee communicated with representatives of the Debtor that confirmed that the barges are not titled or registered with the State of Florida or the U.S. Coast Guard.

                vi.       Miller Welding Machine.

    b.       "Vehicles" includes:

            i.       2000 Ford F-250 Super Duty truck;
            ii.      2004 GMC;
            iii.     2005 Chevrolet Silverado;
            iv.     2006 Ford F-350;
            v.      Closing single-axle storage trailer;
            vi.     Bri-Mar tandem-axle trash trailer; and
            vii.    Small boat trailer.

7. However, the Trustee asserts in an exercise of his business judgment that the Equipment is of inconsequential value and benefit to the estate because insuring, preserving, and moving the Equipment is cost-prohibitive and because retaining the Equipment creates potential liability to the estate.

8. First, the Equipment appears to be subject to a variety of liens and security interests (the "Liens").[2] Based on an examination of the public records, the Trustee identified the following:

    a.       Security interest held by the U.S. Small Business Administration in the estimated amount of $650,000;

    b.       Three federal tax liens held by the Internal Revenue Service in the estimated amounts of $27,500; and

    c.       Two judgment liens in the estimated amounts of $280,000.

Because the Equipment is subject to the Liens, any proceeds generated from administration of the Property would benefit only the secured creditors and not the estate.[3]

---

[2] The Trustee has not identified any evidence that the Liens attach to the Vehicles.

[3] While the Trustee does not presently possess a full valuation of the Equipment, under no scenario does the Trustee believe the Equipment is worth more than the Liens which total more than $950,000. That said, the Trustee is aware of an unofficial offer to purchase all of the Debtor's assets for $150,000, but this only confirms the lack of equity in the Equipment.

9. Second, the Trustee is awaiting a quote to secure insurance on the Equipment, which is a unique collection of assets in a unique setting. Regardless, however, the estate has no money at this time and the Trustee does not believe the estate benefits from advancing money to pay for insurance to protect property fully encumbered by the Liens.

10. Third, were the Trustee to administer the Equipment, he would need to preserve and possibly move the Equipment to a separate location. The liability associated with preserving and potentially moving the Equipment is high. The Equipment includes a collection of barges floating on the water on which is stored a variety of construction equipment. If the barges were to become damaged or sink, there is a risk of environmental impact that no insurance would cover.[4]

11. And last, the Trustee has limited time to secure a sale. The Equipment is located at two (2) abandoned jobsites. The owners of the properties – condominium complexes[5] – are looking to have the Equipment removed or abandoned so they can remove it. The Trustee has been in communication with counsel for the condominium associations and they will be sent notice of the Motion.

12. Based on the foregoing, the Trustee does not believe that administration of the Equipment will result in a meaningful distribution to unsecured creditors and has determined that the Equipment is an unnecessary burden on the estate.

---

[4] The Trustee has not obtained a quote to move the barges at this time, but based on a preliminary investigation understands that a standard tow service is not appropriate and something more sophisticated will be required such as a Coast Guard certified marine salvage company to ensure that the barges are transported in a manner that protect the barges as well as the environment through which they would be moved. Of course, there would also be fees associated with the storage of the barges during any sale process once moved.

[5] Waterview Condominium and Venetian Isle Condominium.

13. The Trustee believes the Vehicles, on the other hand, may have value to the estate and intends to administer the Vehicles because as titled property they do not appear to be subject to the Liens.

**Request for Waiver of Local Rule 9075-1(B) Certification**

14. The Trustee requests that the Court waive the requirement that the proponent certify that it made a *bona fide* effort to resolve the matter without hearing as the nature of this matter does not lend itself to advance resolution. Indeed, the case was filed just three (3) days ago and the Debtor has not yet filed schedules.

**WHEREFORE**, the Trustee respectfully requests entry of an order (a) granting the Motion, (b) abandoning the Equipment, and (c) granting such other and further relief as is just and proper.

Dated: February 24, 2023.         Ross R. Hartog
                                  CHAPTER 7 TRUSTEE
                                  P.O. Box 14306
                                  Fort Lauderdale, Florida 33302
                                  T: (954) 767-0030
                                  F: (954) 767-0035
                                  E: trustee@mrthlaw.com


                                  By:  /s/ Ross R. Hartog
                                         Ross R. Hartog